### **PROMISSORY NOTE**
### **(Secured By Mortgage)**

$326,000.00                                                                                     Dated: March 1, 2019

FOR VALUE RECEIVED, **JALEEL HASAN LEWIS**, an individual, having an address of 50 Jean Drive, Englewood Cliffs, New Jersey 07632 ("*Lewis*"), **FREEMAN YOUNG PERRY**, an individual, having an address of 10 Mariners Cove, Edgewater, New Jersey 07020 ("*Perry*"), and **IRETI NATASHA BOBB LEWIS**, an individual, having an address of 50 Jean Drive, Englewood Cliffs, New Jersey 07632 ("*Bobb-Lewis*", and together with Lewis and Perry, collectively, "*Obligors*"), promise to pay to the order of **CHRISTINE DUBOV**, an individual, having an address of c/o Busby, 10153 ½ Riverside3 Drive, #402, Toluca Lake, CA 91602 ("*Obligee*"), the sum of Three Hundred Twenty-Six Thousand and 00/100 Dollars (**$326,000.00**) (the "*Obligation*" or "*Settlement Agreement*"), together with all unpaid accrued interest, fees and other expenses, if any, as more fully set forth below.

Obligors and Obligee are among the parties to that certain Settlement Agreement dated as of the date hereof (the "*Effective Date*") to settle the litigation claims asserted in that certain case captioned, *Christine Dubov v. Jaleel Hasan Lewis, Freeman Young Perry, et al*, Case No. 18-cv-03854 (PAE) (GWG) pending in the United States District Court for the Southern District of New York (the "*SDNY Action*") (the "*Settlement Agreement*"). This Promissory Note (hereinafter called this "*Note*") is being made by Obligors as the Defendants in the SDNY Action or, in the case of Bobb-Lewis, to settle and resolve claims by Obligee in advance of the commencement of any litigation as consideration for Obligee to enter into the Settlement Agreement. All defined terms herein shall have the same meaning as set forth in that certain Settlement Agreement dated March 1, 2019, which is incorporated by reference herein.

1. <u>Interest</u>. This Note shall bear interest at the rate of zero percent (0%) computed on the outstanding principal amount, provided, however, there is no Event of Default. In the Event of a default, then interest shall be calculated on a 365-day year and charged at the Default Rate set forth in paragraph 10 below.

2. <u>Prepayment</u>. Obligors shall be permitted to prepay all or any portion of the principal due under this Note at any time upon notice to Obligee.

3. <u>Payment</u>. (a) Obligors shall repay the principal under this Note in six (6) equal installments of Fifty-Four Thousand Three Hundred Thirty-Three and 33/100 Dollars ($54,333.33) as follows: (a) the first installment thirty (30) days after the Effective Date; (b) the second installment on the date that is four (4) months after the above-scheduled date of the first payment; (c) the third installment on the date that is eight (8) months after the above-scheduled date of the first payment; (d) the fourth installment on the date that is twelve (12) months after the above-scheduled date of the first payment; (e) the fifth installment on the date that is sixteen (16) months after the above-scheduled date of the first payment; and (f) the final installment on the date that is twenty (20) months after the above-scheduled date of the first payment.

    v.    there shall occur the entry of any injunction, writ of attachment writ of execution, or the institution of any governmental forfeiture proceeding against the Property;

    vi.    there is a failure to comply with any provisions of the Settlement Agreement, Promissory Note and/or Mortgage on the Property; and

    vii.    either Lewis and/or Bobb-Lewis files a voluntary petition or answers and consents to relief under title 11 of the United States Code (the "**Bankruptcy Code**") or makes an assignment for the benefit of creditors.

9.    <u>Remedies</u>. Upon the occurrence of an uncured Event of Default and at any time thereafter during the continuance of such uncured Event of Default, Obligee may take one or more of the following remedial steps:

(a)    Declare immediately due and payable the outstanding principal balance of this Note, together with all accrued and unpaid interest, fees and other sums or expenses payable hereunder and accordingly accelerate payment thereof notwithstanding contrary terms of payment stated herein, without presentment, demand or notice of any kind, all of which are expressly waived, notwithstanding anything to the contrary contained herein or elsewhere;

(b)    Take any action at law or in equity (i) to collect the payments then due and thereafter to become due under this Note or (ii) to enforce performance and observance of any obligation, agreement or covenant of the Obligors under this Note; or

(c)    Exercise any and all rights and remedies available to Obligee in law or in equity.

10.    <u>Limited Recourse As Against Bobb-Lewis.</u> Notwithstanding anything contained in this Note to the contrary, the recourse of Obligee for payment of any amount due hereunder as against Bobb-Lewis shall be limited solely to Bobb-Lewis's ownership interest in the real property located at 50 Jean Drive in the Borough of Englewood Cliffs, County of Bergen, State of New Jersey. If an Event of Default occurs under this Note, any judicial proceedings brought by Obligor against Bobb-Lewis shall be limited to the preservation, enforcement and foreclosure of Obligee's rights under the Mortgage. Nothing in this Paragraph 10 shall be deemed to limit Obligee's recourse or rights as against Lewis or Perry.

11.    <u>Default Rate</u>. Upon the occurrence of an Event of Default (whether or not Obligee has accelerated the payment of this Note) and during the continuation thereof and upon notice to Obligors of the increase of the interest rate set forth herein, or after maturity or after judgment has been rendered on this Note, the unpaid principal of this Note shall, at the option of Obligee, bear interest at a rate equal to seven and one half percent (7 1/2%) per annum greater than that which would otherwise be applicable (the "***Default Rate***"), until this Note is paid in full.

12.    <u>Agreement to Pay Attorneys' Fees and Expenses</u>. Upon the occurrence of an uncured Event of Default, as a result of which Obligee shall require and employ attorneys or incur other expenses for the collection of payments due or to become due or the enforcement of performance or observance of any obligation or agreement on the part of Obligors contained

herein, Obligors shall, become liable to Obligee for the reasonable fee of such attorneys and such other expenses so incurred by Obligee.

13. <u>Failure to Exercise Rights</u>. Nothing herein contained shall impose upon Obligee any obligation to enforce any terms, covenants or conditions contained in this Note. Failure of Obligee, in any one or more instances, to insist upon strict performance by Obligors of any terms, covenants or conditions of this Note shall not be considered or taken as a waiver or relinquishment by Obligee of its right to insist upon and to enforce in the future, by injunction or other appropriate legal or equitable remedy, strict compliance by Obligors with all the terms, covenants and conditions of this Note. The consent of Obligee to any act or omission by Obligors shall not be construed to be a consent to any other or subsequent act or omission or to waive the requirement for Obligee's consent to be obtained in any future or other instance.

14. <u>Successors and Assigns</u>. All of the terms, covenants, warranties and conditions contained in this Note shall be binding upon and inure to the sole and exclusive benefit of the parties hereto and their respective successors and assigns.

15. <u>Notices</u>. Unless otherwise specified herein, all notices, consents, approvals, demands or other communications to and from the Parties shall be in writing and sent by overnight courier, certified mail, return receipt requested or electronic mail upon the Parties to this Promissory Note and the Mortgage referred herein as follows:

As to the Christine Dubov ("Obligee"):

> Ronald P. Mysliwiec, Esq.
> Law Offices of Ronald P. Mysliwiec
> 530 Third Street
> Brooklyn, New York 11215-3003
> Email: rpm@rmplawny.com

With a copy to:
> chrissydubov@gmail.com

As to Jaleel Hasan Lewis ("Obligor"):

> Wesley M. Mullen, Esq.
> Mullen P.C.
> 200 Park Avenue, Suite 1700
> New York, New York 10166
> Email: wmullen@mullenpc.com

With a copy to:
> jlewis@equitycappartners.com

4

As to Ireti Natasha Bobb-Lewis ("Obligor"):

>Wesley M. Mullen, Esq.
>Mullen P.C.
>200 Park Avenue, Suite 1700
>New York, New York 10166
>Email: wmullen@mullenpc.com

With a copy to
>iretibobb@gmail.com

As to Freeman Young Perry ("Obligor"):

>Wesley M. Mullen, Esq.
>Mullen P.C.
>200 Park Avenue, Suite 1700
>New York, New York 10166
>Email: wmullen@mullenpc.com

With a Copy to:

>fyperry@gmail.com

16. **Modification in Writing.** This Note is the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements whether written or oral, with respect to the subject matter hereof. This Note may not be changed, waived, discharged or terminated orally, but only by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

17. **Termination of Note.** Upon payment in full to Obligee of all principal, interest and other sums and expenses due on this Note and all other obligations hereunder, whether such payment shall be made before or after an Event of Default, or shall be made by or on behalf of Obligors, or shall be received by Obligee from any source for the account of Obligors, this Note and all obligations of Obligors hereunder shall automatically terminate (except those provisions herein which expressly provide otherwise).

18. **Rights, Powers and Remedies are Cumulative.** None of the rights, powers and remedies conferred upon or reserved to Obligee in this Note are intended to be exclusive of any other available right, power or remedy, but each and every such right, power and remedy shall be cumulative and not alternative, and shall be in addition to every right, power and remedy herein specifically given or now or hereafter existing at law, in equity or by statute.

19. **Joint and Several Liability.** This Note is binding on all Obligors, their respective successors and assigns, shall inure to the benefit of Obligee, its successors and assigns. If Obligors consist of more than one person or entity, each such person or entity shall be jointly and severally liable hereunder for the payment of this Note.

20. <u>Jurisdiction and Governing Law</u>. This Note and any action or proceeding to obtain enforcement of its terms or judgment upon it shall be governed by and construed and interpreted in accordance with the laws of the state in whose courts, state or federal, such action or proceeding has been properly commenced. . Each party hereby irrevocably consents and agrees to the non-exclusive jurisdiction of the State Courts of the States of New Jersey and New York and/or the United States District Court for the District of New Jersey or the Southern District of New York, and further waives any and all objections each party may have to personal jurisdiction or venue of any action being placed in any of the above-identified courts, to enforce payment of or obtain judgment upon the Promissory Note.

21. <u>Waivers</u>. Obligors and all other parties who at any time may be liable herein in any capacity, jointly and severally, waive presentment, demand for payment, protest and notice of dishonor of this Note.

22. <u>Release and Waiver of Claims, Defenses</u>. As additional consideration herein for the settlement of the SDNY Action, and if the Event of Default remains uncured, Obligors specifically release and waive any and all claims, counter-claims, defenses and affirmative defenses whatsoever which it could assert in any legal proceedings or future foreclosure proceedings in connection with the Promissory Note and Mortgage provided in favor of the Obligee. It is the specific intent of the Obligors to forever waive and release their right to contest the Obligee's right to seek a monetary judgment for enforcement and collection as well as any foreclosure proceeding brought in connection therewith.

23. **Waiver of Jury Trial**. OBLIGORS AND OBLIGEE MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY, INCLUDING, WITHOUT LIMITATION, ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS OR ACTIONS OF OBLIGEE RELATING TO THE LOAN OR ENFORCEMENT OF THIS NOTE, AND AGREE THAT NEITHER PARTY WILL SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. EXCEPT AS PROHIBITED BY LAW, OBLIGORS HEREBY WAIVES ANY RIGHT THEY MAY HAVE TO CLAIM OR RECOVER IN ANY LITIGATION ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES. OBLIGORS CERTIFY THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF OBLIGEE HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT OBLIGEE WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR OBLIGEE TO ACCEPT THIS NOTE AND MAKE THE LOAN.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, Obligors have duly executed this Note on the date first written above.

**WITNESS:**

_____          _____
Young chang                                                    Jaleel Hasan Lewis

_____          _____
                                                                              Freeman Young Perry

_____          _____
Young chang                                                    Ireti Natasha Bobb Lewis

96027882.4

**IN WITNESS WHEREOF**, Obligors have duly executed this Note on the date first written above.

WITNESS:

_____          _____
*Kimberly A. Torchia*                                      Jaleel Hasan Lewis    x

                                                                          _____
                                                                          Freeman Young Perry
                                                                                                              x

_____          _____
                                                                          Ireti Natasha Bobb Lewis
                                                                                                              x

96027882.4